UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**JUSTIN MARQUARDT,**
**Plaintiff,**

**v.** **Case No. 26-cv-2057**

**SCHAEFER'S AUTO REPAIR, LLC,**
**and**
**KYLE M. SCHAEFER**
**Defendants.**

---

**COMPLAINT**

---

**JURISDICTION AND VENUE**

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' repair shop in Jefferson County, within this district.

**PARTIES**

3. Plaintiff Justin Marquardt ("Plaintiff") is an adult resident of Watertown, Jefferson County, Wisconsin.

4. Defendant Schaefer's Auto Repair, LLC ("Schaefer's Auto") is a domestic limited liability company with its principal place of business at 1021 S. Third Street, Watertown, Wisconsin 53094.

5. Schaefer's Auto operates an independent automotive repair shop at that location in Jefferson County, Wisconsin.

6. Schaefer's Auto's registered agent for service of process is Kyle M. Schaefer, located at 911 Sand Street, Watertown, Wisconsin 53098.

7. Defendant Kyle M. Schaefer ("Schaefer") is an adult resident of Wisconsin residing at 911 Sand Street, Watertown, Wisconsin 53098.

8. Schaefer owns Schaefer's Auto and acted directly or indirectly in its interest in relation to Plaintiff.

9. Schaefer's Auto and Schaefer were joint employers of Plaintiff and are collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

10. Plaintiff began working for Defendants in or around 2021 as an auto technician.

11. Plaintiff diagnosed and repaired customer vehicles at Defendants' independent automotive repair shop in Watertown, Jefferson County, Wisconsin.

12. Plaintiff's last day physically worked was October 12, 2026. Defendants terminated his employment on October 16, 2026.

13. On information and belief, Schaefer's Auto's annual gross volume of business was at least $500,000 during the relevant period.

14. Plaintiff regularly used subscription-based online repair manuals in performing his work, accessing those resources every day.

15. Plaintiff also occasionally processed customer credit-card transactions and made telephone calls to obtain parts for repairs.

16. Defendants' business was an independent repair shop, not an automobile dealership.

17. During the relevant period, Defendants paid Plaintiff on an hourly basis.

18. Plaintiff regularly worked more than forty hours per workweek, generally working approximately 45 to 50 hours per week.

19. Defendants paid Plaintiff straight-time wages for his hours over forty rather than paying an overtime premium.

20. Defendants tracked Plaintiff's hours using a digital punch clock and timecards.

21. Defendants paid Plaintiff weekly.

22. For the workweeks described below, Plaintiff's regular hourly rate was $24.00.

23. For the workweek beginning September 24, 2026, and ending September 30, 2026, Plaintiff worked 49.33 hours.

24. Plaintiff worked more than forty hours during the workweek beginning September 24, 2026.

25. For the workweek beginning September 24, 2026, Defendants paid all 49.33 hours at the straight-time rate of $24.00 per hour.

26. The paystub for the workweek beginning September 24, 2026, with a pay date of October 2, 2026, reported $1,183.92 in gross regular pay.

27. Defendants failed to pay Plaintiff the additional overtime premium owed for hours worked over forty during the workweek beginning September 24, 2026.

28. For the workweek beginning October 1, 2026, and ending October 7, 2026, Plaintiff worked 49.73 hours.

29. Plaintiff worked more than forty hours during the workweek beginning October 1, 2026.

30. For the workweek beginning October 1, 2026, Defendants paid all 49.73 hours at the straight-time rate of $24.00 per hour.

31. The paystub for the workweek beginning October 1, 2026, with a pay date of October 9, 2026, reported $1,193.52 in gross regular pay.

32. Defendants failed to pay Plaintiff the additional overtime premium owed for hours worked over forty during that workweek.

33. These workweeks are examples of Defendants' practice of paying straight-time wages, without an overtime premium, for hours Plaintiff worked over forty in a workweek.

34. During Plaintiff's entire employment with Defendants, Defendants failed and refused to pay overtime premium compensation to Plaintiff.

35. Approximately two weeks before his termination, Plaintiff asked Schaefer about overtime pay. Schaefer responded, “That’s not something we offer here.”

36. Schaefer controlled the day-to-day operations of Schaefer’s Auto, including Plaintiff’s compensation and payroll.

37. Schaefer determined Plaintiff’s rates and methods of compensation and personally prepared his paychecks.

38. Schaefer knew that Plaintiff worked more than forty hours in workweeks because he had access to the time records and used them to prepare Plaintiff’s pay.

39. Despite that knowledge, Schaefer caused Defendants to pay Plaintiff straight-time wages without the additional overtime premium for hours worked over forty in a workweek.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

41. During the relevant period, Schaefer’s Auto was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1), Defendants were employers within the meaning of 29 U.S.C. § 203(d), and Plaintiff was their employee within the meaning of 29 U.S.C. § 203(e). The FLSA requires covered employers to compensate non-exempt employees at not less than one-and-one-half times their regular rate of pay for hours worked over forty per workweek.

42. Plaintiff was not exempt from the overtime pay requirements of the FLSA.

43. Defendants did not pay Plaintiff overtime premium wages for work performed in excess of forty hours per week.

44. The foregoing practice violates the FLSA.

45. Defendants' violation of the FLSA was willful.

46. Plaintiff suffered wage loss because of this violation.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WISCONSIN LAW

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

49. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

50. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

51. Plaintiff was not exempt from the overtime pay requirements of Wisconsin law.

52. Defendants did not pay Plaintiff overtime premium wages for work performed in excess of forty hours per week.

53. The foregoing practice violates Wisconsin law.

54. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

55. Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff respectfully requests the following relief:

A. Judgment against Defendants for unpaid overtime wages in an amount to be established at trial, without duplicate recovery of the same wages under federal and Wisconsin law.

B. An award of liquidated damages and civil penalties as permitted by applicable law;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated: November 4, 2026.

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079
Email: ljohnson@hq-law.com
cclegg@hq-law.com